CUTRER, Judge.
The Concerned Citizens of Cenia, Inc., and Lorena Pospisil, a property owner of Alexandria, Louisiana, filed suit for injunc-tive relief to enjoin the City of Alexandria and Redevelopment Agency of the City of Alexandria from acquiring any property in the business district of the City of Alexandria.* The petition alleges that the members serving on the Redevelopment Agency violated the dual office holding statute[1] and that any official action by them is null and void. The original petition of the plaintiffs was later amended and they also seek to enjoin the defendants from receiving any funds from the United States Department of Housing and Urban Renewal (HUD) on the ground that no Negative Declaration or Environmental Impact Statement had been prepared by the defendants. In the alternative, the plaintiffs allege that, if such an Environmental Impact Statement or Negative Declaration had been submitted, the circumstances had changed to the extent that the statement was no longer effective.
From a judgment dismissing their suit plaintiffs appeal. We affirm.
The plaintiffs do not argue the dual office holding issue on appeal. The only issue presented on appeal is whether the trial court erred when it ruled that the defendants had complied with the National Environmental Policy Act.
The district judge has written a well reasoned opinion, disposing of this issue, with which we agree. We adopt as our own the following portion of the opinion of the trial judge:

“The Concerned Citizens of Cenia, Inc. and Mrs. Lorena Pospisil, a property owner in Alexandria, Louisiana, seek an injunction to prohibit the City of Alexandria and the Redevelopment Agency of the City from acquiring property or receiving federal funds for the Construction of a civic center in downtown Alexandria.

“Act 673 of 1972, titled ‘Alexandria and Bogalusa, Louisiana, Redevelopment Agency Act’ authorized the governing body of the City of Alexandria to establish a redevelopment agency and appoint commissioners thereto to act as an agency of the City. This statute sets forth the qualifications of the members as follows:

‘. . .. the municipal governing body, by a majority vote, shall appoint as members of the agency, five citizens who shall be residents of the municipality.”

*344
Pursuant to this authority the City Council appointed Carroll E. Lanier, James A. Bo-len, Errol C. Dorsey, Henry J. Lazarone and W.A. Carruth, Jr. as members of the Redevelopment Agency of the City of Alexandria, Louisiana. At the time the appointments were made, Carroll E. Lanier was the duly elected Mayor of Alexandria and the other members appointed to serve on the Agency were also on the City Council of Alexandria. The City Council is the governing body of the City.

“Among the powers given to the Agency by Act 67S was the right, to acquire by purchase, lease, option, gift, grant, bequeath, devise, expropriation or otherwise any real property together with improvements thereon; The act further provides:

‘Section 6. Authority. The Agency shall have all the authority and power necessary or convenient to carry out and effectuate the purposes and provisions of the act, including .... the following authority which shall be in addition to others herein granted:

(d) With the approval of the local governing body;

(1) Prior to approval of a redevelopment, plan or approval of any modification of the plan, to acquire real property in a redevelopment area, demolish and remove any structures on the property, and pay all costs related to the acquisition, demolition, or removal, including any administrative or relocation expenses.

(f) To borrow money and to apply for and accept advances, leases, grants, contributions and any other form of financial assistance from the federal government. ...”

In accordance with the broad powers granted in Act 673 the Agency entered into an agreement with the Department of Housing and Urban Development (hereinafter referred to as HUD) wherein HUD agreed to make a grant to the City of Alexandria totaling $5,000,000.00. Of this amount $1,250,000.00 was to be used for land acquisition and demolition of existing structures. The remaining $3,750,000.00 was set aside for the construction of a civic center. The project ultimately approved by HUD was designated as an ‘Urban Development Action Grant for Downtown Revitalization.’

“In conjunction with the grant for the construction of the civic center, the City was required to enter into an agreement with a ‘Developer’ whereby the Developer was to sell bonds or obtain a loan commitment of not less than $5,000,000.00 for the construction of a hotel complex. These bonds have now been sold to private investors and the required sum is available for the construction of the hotel complex. The hotel complex will be constructed on the property acquired by the City. The Developer will lease the property from the City and as a consideration for the lease will pay the City 3% of the amount of the grant on an annual basis. The rental received by the City is to be used exclusively for community development activities as determined by HUD.

“In the event the Developer defaults in its payments, the City has no obligation to pay off the bonds used in the construction of the hotel. The $5,000,000.00 received by the City from HUD is an outright grant, with no obligation of repayment.

* * ⅜ [2]

“Plaintiffs by way of a Supplemental and Amending Petition allege that,

'. . .. no Negative Declaration nor Environmental Impact Statement has ever been made for or by HUD, the City of Alexandria, or the Redevelopment Agency of the City of Alexandria, conconant with the provisions of 42 USC1331 et seq. and as a consequence of the failure of such Negative Declaration or Environmental Impact Statement, petitioners are entitled to enjoin the expenditure of $4,950,000.00 ....’

On October 30, 1978, Mayor Lanier filed with HUD an ‘Environmental Review Rec
*345
ord’ with several exhibits attached. This environmental statement was accepted by HUD as meeting the requirements for a UDAG Grant Agreement. The City was further given the authority by HUD to ‘draw down up to $1,250,000.00 consistent with the terms of the Grant Agreement.’ In the environmental statement submitted by the Mayor to HUD the following finding was made,

‘Movement toward new and different environmental conditions in the Central Business District has had significant affect on the socio-economic states of the residents of the area. Dilapidated structures, vacant commercial and residential buildings, and increased crime in the Central Business District has created an area of very significant needs. These needs include commercial and service area opportunities as well as increased respect in the once viable area.

‘The redevelopment of the Central Business will enhance the surrounding environment significantly. The CBD serves as the neighbor commercial and entertainment center for surrounding low and moderate income areas. The alleviation of the decaying buildings and the elimination of slums and blight will be a significant positive effect on the CBD thru this UDAG project.’

According to the testimony of Mayor Lanier the area described is bound by Rapides Bayou, Red River, 7th Street and St. James Street. Mayor Lanier stated that the area in question was certified by HUD as a ‘blighted area’ and thus eligible for a UDAG grant.

“Plaintiffs contend that the environmental impact statement submitted in 1978 is no longer viable due to the fact that at the time of its submission the project differed greatly from that now contemplated. It is apparent that there has been some changes in the size of the project since the impact statement was formulated. The original plans called for a hotel containing 150 rooms. The number of rooms and the hotel complex was modified on several occasions. However, the area in which it is to be constructed has remained constant. A proper environmental impact statement was submitted by the City and subsequently accepted by HUD. This is evident since the UDAG grant was approved and authority given the City to proceed with its plans. There was no reason for the City to submit a new impact statement simply because the number of rooms to be contained in the hotel complex has changed.

“It is therefore the opinion of this court that, for the reasons herein stated, the plaintiff’s request for injunctive relief should be denied.

“Plaintiffs’ suit is therefore dismissed at their cost. ”

Plaintiffs additionally object to the exclusion of certain testimony of Mr. Carroll Lanier which was incorporated into the record by proffer. After examining the testimony, we find no error by the trial court in its exclusion of the testimony on the ground of irrelevancy.
For the reasons set forth, the judgment of the trial court is affirmed. The plaintiffs-appellants are to pay costs of this appeal.
AFFIRMED.

This matter was consolidated for trial and appeal with the case of Concerned Citizens, et al. v. City of Alexandria, et al., 433 So.2d 345 (La.App. 3rd Cir. 1983), in which case we shall render a separate opinion.

. LSA-R.S. 42:61, et seq.

. This omitted part of the trial judge’s reasons disposes of the dual office holding issue. This issue is not argued on appeal.